# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

_____

DAWN BUONGIOVANNI AND    :  Case No.: 1:18-cv-11641

ANGELO BUONGIOVANNI,

      Plaintiffs,    :    Civil Action

  - vs -    :  Hon.

      :

      :    **FIRST AMENDED COMPLAINT**

HORIZON BLUE CROSS    :
BLUE SHIELD OF NEW JERSEY;    :
DYNASIL CORPORATION OF    :
AMERICA; AND    :
EVICORE HEALTHCARE    :
_____ :

      Plaintiff, DAWN BUONGIOVANNI, ("Dawn" or "Plaintiff") and ANGELO BUONGIOVANNI ("Angelo") residing at 20 Elizabeth Place, Sicklervill, New Jersey 08081 as and for her complaint against defendants Horizon Blue Cross and Blue Shield of New Jersey ("Horizon"), Dynasil Corporation of America ("Dynasil"), and EviCore Healthcare ("EviCore", together with Horizon and Dynasil, "Defendants') states and alleges in as follows:

1. Dawn Buongiovanni is the policyholder of a Horizon Exclusive Provider Plan (the "Plan").
2. The Plan is an employment benefit offered through her employer, Dynasil.
3. Horizon is a corporation that sells insurance products, including health insurance policies, within the State of New Jersey.
4. EviCore is a third party claims administrator used to Horizon to evaluate and deny health care claims.

## JURISDICTIONAL STATEMENT

5. Dawn's claims arise under and pursuant to ERISA § 502 (a) (1) (B), 29 U.S.C. §1132 (a) (1) (B); ERISA § 503, 29 U.S.C. 1133; the Equal Pay Act of 1963; the Civil Rights Act of 1964 (Pub. L. 88-352) and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1441 (a), as well as 29 U.S.C. § 1132(e).

7. Venue is proper in this District pursuant to 28 U.S.C.S. § 1391, in that Defendants conduct business in and Dawn is a citizen of the District of New Jersey.

## THE PARTIES

8. Dawn a resident of New Jersey.

9. Defendant, Horizon Blue Cross Blue Shield of New Jersey, is a New Jersey based business whose principal office is in the County of Essex and State of New Jersey.

10. Dynasil is a business that employs greater that 50 people and maintains offices in the State of New Jersey.

11. Dawn works for Dynasil's New Jersey office located in West Berlin, Camden County.

12. Dynasil's corporate headquarters are located at 313 Washington Street Suite 403, Newton, MA 02458.

13. EviCore is a company with an address at 400 Buckwalter Place Blvd. Bluffton, SC 29910.

14. EviCore is not registered to conduct business in New Jersey.

15. Upon information and belief, EviCore is authorized to practice the business of insurance in New Jersey.

16. Angelo is Dawn's spouse.

## BACKGROUND

17. At all times relevant to this Complaint, Dawn was covered through the Plan for health benefits.

18. At all times relevant herein, Dawn was entitled to recover plan benefits within the meaning of ERISA § 502 (a)(1)(b), 29 U.S.C.§ 1132(a)(1)(B).

19. In February, 2016, Dawn fell downs a flight of steps and injured her back.

20. Radiological studies of Dawn's spine taken after the accident showed anatomical damage.

21. After undergoing over a year of conservative treatment, Dawn's doctors recommended surgery and she agreed to this course of action.

22. Surgery was performed on June 8, 2017, at which time Dawn's surgeon Dr. Foti discovered through direct observation that the condition of Dawn's spine was even worse than the damage depicted on her imaging studies.

23. Dawn paid a deposit of $25,553 to Kennedy Memorial Hospital as a precondition to her surgery.

24. Horizon assigned the utilization review of Dawn's claim for surgery and all of the testing and post-treatment therefore to EviCore.

25. EviCore denied all of Dawn's claims for and related to surgery in their entirety.

26. On or about September 5, 2017, a request was made by Dawn through her attorney for information required to be supplied pursuant to 29 USCS § 1132(c).

27. Dawn filed an initial, timely internal appeal with EivCore and Horizon, which was denied, in part, because EviCore and Horizon required that Dawn see a psychiatrist as a precondition to surgery.

28. Horizon's own surgical guidelines did not require a psychiatric evaluation in Dawn's case.

29. Dawn filed a second, timely internal appeal with EivCore and Horizon, which was denied, in part, based on Dawn's imaging studies.

30. During the second appeal process, Horizon and EviCore's male physician review bullied Dawn into tears.

31. Horizon's own surgical guidelines supported surgery based on Dawn's history and imaging reports.

32. The lead or chief medical reviewer for the initial denial, first internal appeal, and second internal appeal were all men, none of whom was licensed to practice medicine in the State of New Jersey, and none of whom was a neurosurgeon.

33. A recent study indicated that reports of pain by women were not taken as seriously as those of their male counterparts and health care providers were more apt to brush off the complaints of pain by women as psychosomatic.

34. While Defendants were denying her claims, Dawn, who has excellent credit, was being harassed and threatened by bill collectors for payment of bills related to the surgery.

35. Dawn made a timely appeal to IRPO, New Jersey's Independent third party administrator for utilization review claims.

36. On or about March 2, 2018, the IRPO made a finding **entirely in Dawn's favor** and requested that Defendants cover her surgery and related charges.

37. On or about March 8, 2018, Horizon sent a letter indicating its "intention" to comply with the IRPO ruling.

38. Defendants did nothing.

39. On or about May 15, 2018, Dawn filed claims requesting, again, that Horizon pay the bills related to her surgery, and pay them directly to her because she was already paying claims with her own money to providers. This request included EOBs, codes, and bills. Dawn revoked her consent to assignment of payments to health care providers.

40. The time required to acknowledge this claim under New Jersey's prompt pay law came and went, without acknowledgment.

41. The time to pay the claims under New Jersey's prompt pay law came and went, with Horizon paying some claims directly to the providers and not paying others at all.

42. As of the date of this Complaint, the Defendants have not provided the information requested by Dawn or her Attorney to either, as required by 29 USCS § 1132(c).

## FIRST COUNT

## (Claim for benefits pursuant to ERISA § 502 (a)(1)(b), 29 U.S.C. § 1132 (a) (1) (b))

43. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

44. Defendants wrongfully denied benefits to Dawn under the Plan.

## SECOND CAUSE OF ACTION

## (Claim for benefits pursuant to ERISA § 503, 29 U.S.C.S § 1133)

45. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

46. Defendants failed to follow their own contract and guidelines when evaluating Dawn's case; failed to provide information requested by Dawn; failed to provide adequate notice of why Dawn's claims were denied; failed to state or changed the reasons for Dawn's denial;

47. Upon information and belief Defendant: illegally carried out business in New Jersey; and illegally practiced the business of insurance without a license in New Jersey.

48. Defendants failed to provide Dawn with a full and fair review of her claim.

## THIRD CAUSE OF ACTION

### (Claim pursuant to the ERISA, 29 U.S.C. § 1132(c))

48. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

49. Dawn made a request for Plan Documents including but not limited to such documents required to be furnished under 29 U.S.C. § 1132(c).

50. Defendants failed to furnish any documents within the 30 day timeframe.

51. As of the filing of this Complaint, Defendants have not furnished the full plan documents and other documents requested on or about September 5, 2017.

52. The statutory civil penalty payable to the beneficiary for failure to produce documents is set at $100 per day after 30 days of receiving notice, with each violation accruing its own separate penalty.

## FOURTH CAUSE OF ACTION

### (Claim pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d))

53. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

54. Dynasil is an employer covered under the Equal Pay Act of 1963 ("EPA of 63").

55. Dawn is an employee of Dynasil and covered under the EPA of 63.

56. Fringe benefits such as medical benefits are covered by the EPA of 63 pursuant to 29 C.F.R. §1620.11.

57. Dawn performs substantially the same work as other employees with medical benefits.

58. Defendants discriminated against Dawn based on her sex in the administration of her health benefits.

59. Dawn was injured by the foregoing discrimination.

60. Dawn continues to receive unequal health benefits as of the date of this Complaint.

## FIFTH CAUSE OF ACTION

### (Claim pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq)

61. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

62. Dynasil is an employer covered under the Civil Rights Act of 1964 ("CRA").

63. Dawn is an employee of Dynasil and covered under the CRA.

64. Fringe benefits such as medical benefits are covered by the CRA.

65. Defendants discriminated against Dawn based on her sex.

66. Dawn's sex was a substantial factor in Defendant's discrimination against her.

67. Dawn was injured by Defendant's discrimination.

68. The foregoing discrimination was a proximate cause of Dawn's injuries.

69. Dawn continues to face discrimination from the Defendants.

## SIXTH CAUSE OF ACTION

### (Statutory Law Fraud)

70. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

71. Defendants' conduct is a violation of N.J.S.A. 56:8-1 et seq., commonly known as the New Jersey Consumer Fraud Act ("CFA").

72. Horizon and EviCore are "Health Insurers" under the definition set forth in the CFA.

73. Upon information and belief, EviCore is illegally conducting business in New Jersey.

74. Upon information and belief, EviCore is illegally practicing the business of insurance without a license in New Jersey.

75. Horizon and Dynasil are aiding, abetting, and conspiring with EviCore.

76. Defendants violated the CFA.

77. Dawn was injured by Defendants' statutory violations.

78. Defendants' actions were the proximate cause of Dawn's injuries.

## SEVENTH CAUSE OF ACTION

### (Common Fraud)

79. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

80. Health Insurers misrepresented a present fact or past fact by:

   a. Holding themselves out as legally practicing the business of insurance in New Jersey;

   b. Informing Dawn that her surgery was not medically necessary on or about June 6, 2017;

   c. Informing Dawn that she needed a psychiatric evaluation, even though none was required under Health Insurer's own policies in Dawn's case on or about June 6, 2017 and several times thereafter;

   d. Informing Dawn that her medical condition did not meet the guidelines for surgery when, in fact, it did;

   e. Misrepresenting to Dawn throughout her appeal process that her condition did not meet the medical standards for back surgery;

   f. On or about March 12, 2018, misrepresenting to Dawn and the IRPO they would pay for her surgery after they were found to have wrongfully denied her coverage.

81. Health Insurers knew that Dawn would rely on these misrepresentations.

82. Dawn relied on these misrepresentations to her detriment.

83. Dawn suffered injury as a proximate cause of Health Insurers' actions.

## EIGHTH CAUSE OF ACTION

### (Racketeering, 18 U.S. § 1961 et seq.)

84. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

85. Defendants are "persons" or "entities" as defined by 18 U.S. 1961.

86. Defendants used mail or wire to deprive Dawn of her property in the form of health care benefits.

87. Defendants engaged in a pattern of two or more episodes of racketeering.

## NINTH CAUSE OF ACTION

### (Retaliation, Section 2000e-3a)

88. Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

89. Section 2000e-3a of Title VII of the Civil Rights Acts states in relevant part, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

90. On or about July 6, 2018, Dawn through her attorney contacted the Defendants via Letter (the "Negotiation Letter") in an attempt to resolve the disputes herein amicably without involving the court's good time and allowing all parties to move past this issue.

91. The Negotiation Letter requested that counsel for each defendant reach out to Dawn's attorney.

92. Instead, Dynasil immediately retaliated against Dawn in the form of bullying, threats, and other harassment.

93. Such intentional retaliation caused severe and extreme emotional distress.

## TENTH CAUSE OF ACTION

### (Intentional Infliction of Emotion Distress)

94.  Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

95. Defendants, through their actions and those of their employees, intentionally inflicted emotional distress on Dawn and Angelo.

96.  Dawn and Angelo suffered emotional distress.

97.  Defendants' actions were the proximate cause of Dawn and Angelo emotional distress.

## ELEVENTH CAUSE OF ACTION

### (Loss of Consortium)

98.  Dawn repeats and reiterates each and every fact and allegation as set forth in the preceding paragraphs of this Complaint as if set forth herein at length.

99.  Angelo was married to Dawn prior to the actions in this case and remains married to Dawn as of the filing of this complaint.

100.   Angelo suffered loss of comfort, companionship, household duties, and other services due to Defendants' actions.

101.   Defendants' actions are the proximate cause of Angelo's damages.

102.   Angelo is entitled to fair and reasonable compensation and out of pocket costs related to loss of consortium.

### PRAYER  FOR RELIEF

103.   Wherefore, the plaintiff prays this Court grant as relief:

   a.  A preliminary and permanent injunction to prohibit Defendants now and forever from retaliating against Plaintiff for asserting her legal rights;

   b.  A declaration that Defendants have violated Plaintiffs rights on every statutory and common law claim alleged herein;

   c.  Compensatory damages charged against Defendants jointly and severally in an amount to be determined by proof, including all applicable statutory damages, multipliers, and fines;

   d.  General and punitive damages jointly and severally against Defendants;

   e.  Pre- and post-judgment interest jointly and severally against Defendants;

      f.  An award of costs and expenses of this action together with reasonable attorneys' with applicable modifier and expert fees jointly and severally against Defendants; and

      g.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all so triable questions of fact and damages raised in this Complaint and any amendments thereto.

Dated: August 1, 2018               THE COCO LAW FIRM LLC

                             By:

                           s/     MICHAEL J. COCO ESQ.

                           ATTORNEY FOR PLAINITFF

**LOCAL RULE 11.2 CERTIFICATION**

MICHAEL J. COCO, declares as follows:

      I am the attorney for the plaintiff in this action.  To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court of any pending arbitration or administrative proceeding.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2018.

s/ MICHAEL J. COCO