**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
Kristen J. Coleman, Esq. (124152015)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
meholzapfel@becker.legal
kjcoleman@becker.legal
*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BUONGIOVANNI and ANGELO BUONGIOVANNI, | Case No.: 1:18-cv-11641-NLH-AMD |
| Plaintiffs, | CIVIL ACTION |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; DYNASIL CORPORATION OF AMERICA; AND EVICORE HEALTHCARE, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY TO FIRST AMENDED COMPLAINT** |
| Defendants. | |

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), by and through its counsel, Becker LLC, by way of answer to the above-captioned Amended Complaint (the "Complaint") filed by Dawn Buongiovanni and Angelo Buongiovanni ("Plaintiffs"), hereby states as follows:

1.     By way of response to the allegations contained in Paragraph 1, Horizon avers that, to the extent Plaintiffs are covered under a Horizon-issued or administered health benefit plan, the nature of that coverage (e.g., Exclusive Provider Organization, Preferred Provider Organization, etc.) is set forth in applicable plan documents, which speak for themselves.

2.     By way of response to the allegations contained in Paragraph 2, Horizon avers that, to the extent Plaintiffs are covered under a Horizon-issued or administered health benefit plan, the plan sponsor would be identified in applicable plan documents, which speak for themselves.

3.      By way of response to the allegations contained in Paragraph 3, Horizon states that it is a not-for-profit health services corporation that issued and administers various health benefit plans, and that maintains a principal place of business located at 3 Penn Plaza, Newark, New Jersey 07702.

4.      The allegations contained in Paragraph 4 are not directed at Horizon, although to the extent Plaintiffs intended to direct those allegations at Horizon, Horizon denies the allegations.

## JURISDICTIONAL STATEMENT

5.      Other than to admit that the administration of Plaintiffs' employee health benefits is governed by ERISA, Horizon denies the allegations contained in Paragraph 5.

6.      Admitted.

7.      Admitted.

## THE PARTIES

8.      Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and leaves Plaintiffs to their proofs.

9.      By way of response to the allegations contained in Paragraph 9, Horizon states that it is a not-for-profit health services corporation that maintains a principal place of business located at 3 Penn Plaza, Newark, New Jersey 07702.

10.     The allegations contained in Paragraph 10 are not directed at Horizon, and as such Horizon makes no response thereto.

11.     The allegations contained in Paragraph 11 are not directed at Horizon, and as such Horizon makes no response thereto.

12.     The allegations contained in Paragraph 12 are not directed at Horizon, and as such Horizon makes no response thereto.

2

13.     The allegations contained in Paragraph 13 are not directed at Horizon, and as such Horizon makes no response thereto.

14.     The allegations contained in Paragraph 14 are not directed at Horizon, and as such Horizon makes no response thereto.

15.     The allegations contained in Paragraph 15 are not directed at Horizon, and as such Horizon makes no response thereto.

16.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and leaves Plaintiffs to their proofs.

**BACKGROUND**

17.     By way of response to the allegations contained in Paragraph 17, to the extent Plaintiffs had health coverage during the relevant time period through a health benefit plan either issued or administered by Horizon, the scope and terms of that coverage are set forth in applicable plan documents, which speak for themselves.

18.     By way of response to the allegations contained in Paragraph 18, to the extent Plaintiffs had health coverage during the relevant time period through a health benefit plan either issued or administered by Horizon, the scope and terms of that coverage are set forth in applicable plan documents, which speak for themselves. Whether Plaintiffs are entitled to recover plan benefits within the meaning of the cited statutory provision is determined by the plan documents and applicable law.

19.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and leaves Plaintiffs to their proofs.

20.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and leaves Plaintiffs to their proofs.

21.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and leaves Plaintiffs to their proofs.

22.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and leaves Plaintiffs to their proofs.

23.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and leaves Plaintiffs to their proofs.

24.     By way of response to the allegations contained in Paragraph 24, Horizon avers that the applicable health benefits plan (if any) contains utilization review procedures, which speak for themselves, and that any utilization review decisions related to this particular case would be reflected in the administrative record, which likewise speaks for itself.

25.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and leaves Plaintiffs to their proofs.

26.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and leaves Plaintiffs to their proofs.

27.     By way of response to the allegations contained in Paragraph 27, Horizon states any appeals and the results thereof are memorialized in the administrative record, which speaks for itself.

28.     By way of response to the allegations contained in Paragraph 28, Horizon states that any clinical guidelines Horizon maintains with respect to the subject procedure speak for themselves.  Except as so stated, Horizon denies the allegations contained in Paragraph 28.

29.     By way of response to the allegations contained in Paragraph 29, Horizon states any appeals and the results thereof are memorialized in the administrative record, which speaks for itself.  Horizon further states that any clinical guidelines Horizon maintains with respect to the subject procedure speak for themselves.

4

30.     Denied.

31.     Denied.

32.     Other than to specifically deny any improprieties regarding the administrative appeals process, Horizon avers that the identities of any reviewing professionals over the course of the administrative appeals process would be set forth in the administrative record, which speaks for itself.

33.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and leaves Plaintiffs to their proofs.

34.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and leaves Plaintiffs to their proofs.

35.     Horizon is without knowledge or information sufficient to form a belief as to whether Plaintiffs timely filed an external appeal, although to the extent Plaintiffs did so file, the outcome would be memorialized in the administrative record, which speaks for itself. Horizon denies any characterizations by Plaintiffs of that record.

36.     Horizon states that the outcome of any external appeal would be memorialized in the administrative record, which speaks for itself.  Horizon denies any characterizations by Plaintiffs of that record.

37.     To the extent the allegations contained in Paragraph 36 purport to summarize a written communication from Horizon, Horizon avers that that communication speaks for itself and denies any characterization thereof by Plaintiffs.

38.     Denied.

39.     To the extent the allegations contained in Paragraph 39 purport to summarize written claims, Horizon avers that those claims speak for themselves and denies any characterization thereof by Plaintiffs.

40.     Denied.

41.     By way of response to the allegations contained in Paragraph 41, Horizon states that all healthcare claims germane to this lawsuit were adjudicated in accordance with applicable law.

42.     By way of response to the allegations contained in Paragraph 42, Horizon states that all healthcare claims germane to this lawsuit were adjudicated in accordance with applicable law, and any information Horizon was required to produce was produced in accordance with applicable law.

## FIRST COUNT

### (Claim for benefits pursuant to ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B))

43.     Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

44.     Denied.

## SECOND CAUSE OF ACTION

### (Claim for benefits pursuant to ERISA § 503, 29 U.S.C. § 1133)

45.     Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

## THIRD CAUSE OF ACTION

### (Claim pursuant to ERISA, 29 U.S.C. § 1132(c))

48. [sic][1]   Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

49. [sic]   By way of response to the allegations contained in Paragraph 49, Horizon states any requests for Plan Documents, if any, are memorialized in the administrative record, which speaks for itself.   Horizon denies any characterizations by Plaintiffs of that record or of the requirements of 29 U.S.C. § 1132(c).

50. [sic]   Denied.  To the extent Plaintiffs refer to 29 U.S.C. § 1132(c), Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.

51. [sic]   By way of response to the allegations contained in Paragraph 51, Horizon states any responses to requests for Plan Documents, if any, were processed in accordance with applicable law, and if applicable, are memorialized in the administrative record, which speaks for itself.

52. [sic]    To the extent Plaintiffs refer to 29 U.S.C. § 1132(c), Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.


## FOURTH CAUSE OF ACTION

### (Claim pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d))

53. [sic]    Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

---

[1] This paragraph should be Paragraph 49.  However, this paragraph, and all subsequent paragraphs have been mis-numbered after re-starting with Paragraph 48 in error.

54. [sic]   The allegations contained in Paragraph 54 are not directed at Horizon, and as such Horizon makes no response thereto.

55. [sic]   To the extent Plaintiffs refer to the Equal Pay Act of 1963, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.

56. [sic]   To the extent Plaintiffs refer to the Equal Pay Act of 1963, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.

57. [sic]   Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and leaves Plaintiffs to their proofs.

58. [sic]   Denied.

59. [sic]   Denied.

60. [sic]   Denied.

## FIFTH CAUSE OF ACTION

### (Claim pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.)

61. [sic]   Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

62. [sic]   The allegations contained in Paragraph 62 are not directed at Horizon, and as such Horizon makes no response thereto.

63. [sic]   To the extent Plaintiffs refer to the Civil Rights Act of 1964, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.

64. [sic]   To the extent Plaintiffs refer to the Civil Rights Act of 1964, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiffs.

65. [sic]   Denied.

66. [sic]   Denied.

67. [sic]   Denied.

68. [sic]   Denied.

69. [sic]   Denied.

## SIXTH CAUSE OF ACTION

### (Statutory Law Fraud)

70. [sic]   Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

71. [sic]   Denied.

72. [sic]   Denied.

73. [sic]   The allegations in Paragraph 73 are not directed at Horizon and Horizon makes no response thereto.

74. [sic]   The allegations in Paragraph 74 are not directed at Horizon and Horizon makes no response thereto.

75. [sic]   Denied.

76. [sic]   Denied.

77. [sic]   Denied.

78. [sic]   Denied.

## SEVENTH CAUSE OF ACTION

### (Common Fraud)

79. [sic]   Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

80. [sic]   Denied.

81. [sic]   Denied.

82. [sic]   Denied.

83. [sic]   Denied.

## EIGHTH CAUSE OF ACTION

### (Racketeering, 18 U.S. § 1961 et seq.)

84. [sic]    Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

85. [sic]    To the extent Plaintiffs refer to 18 U.S. § 1961 et seq., Horizon avers that 18 U.S. § 1961 et seq. speaks for itself and denies any characterization thereof by Plaintiffs.

86. [sic]    Denied.

87. [sic]    Denied.

## NINTH CAUSE OF ACTION

### (Retaliation, Section 2000e-3a)

88. [sic]    Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

89. [sic]    To the extent Plaintiffs refer to Title VII of the Civil Rights Act, Horizon avers that Title VII of the Civil Rights Act speaks for itself and denies any characterization thereof by Plaintiffs.

90. [sic]    To the extent the allegations contained in Paragraph 90 purport to summarize a written communication from Horizon, Horizon avers that that communication speaks for itself and denies any characterization thereof by Plaintiffs.

91. [sic]    To the extent the allegations contained in Paragraph 91 purport to summarize a written communication from Horizon, Horizon avers that that communication speaks for itself and denies any characterization thereof by Plaintiffs.

92. [sic]    The allegations in Paragraph 92 are not directed at Horizon and Horizon makes no response thereto.

93. [sic]    Denied.

10

## TENTH CAUSE OF ACTION

### (Intentional Infliction of Emotion Distress)

94. [sic]    Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

95. [sic]   Denied.

96. [sic]   Denied.

97. [sic]   Denied.

## ELEVENTH CAUSE OF ACTION

### (Loss of Consortium)

98. [sic]    Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

99. [sic]    Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and leaves Plaintiffs to their proofs.

100. [sic]   Denied.

101. [sic]   Denied.

102. [sic]   Denied.

## PRAYER FOR RELIEF

103.    [sic]   Denied.

**WHEREFORE**, Horizon demands a judgment in its favor, dismissing Plaintiffs' complaint in its entirety and with prejudice, together with an award of attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

11

## SECOND AFFIRMATIVE DEFENSE

Horizon acted reasonably and in good faith with Plaintiffs at all times.

## THIRD AFFIRMATIVE DEFENSE

Horizon reserves the right to assert a right of recovery in connection with the subject services.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by parties over whom Horizon exercised no control.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is precluded in whole or in part by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the claims at issue reimbursed at the required allowance under the relevant health benefit plan.

## SEVENTH AFFIRMATIVE DEFENSE

Horizon did not violate any legal duty owed to the Plaintiffs, whether under ERISA, state law, or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

All counts of the Complaint fail to meet minimum pleading standards prescribed by the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint is barred by the express terms of the health benefit plan under which Plaintiffs seeks additional insurance benefits.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiffs' own fraud and/or misrepresentation.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent its various counts seeks duplicative and redundant relief.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, estoppel, waiver, laches, unclean and/or acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred due to Plaintiffs' failure to exhaust administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to applicable offsets and recoupments.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent Plaintiffs seek recovery for claims not covered under the relevant health benefit policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the economic loss doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to applicable offsets and recoupments.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, due to Plaintiffs' failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent the Court requires an express admission or denial of those allegations in the Complaint to which Horizon has pleaded a lack of knowledge or information, those allegations are expressly denied as to Horizon.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Horizon reserves the right to assert additional affirmative defenses, cross-claims and/or counterclaims as necessary or appropriate in this action.

## LOCAL CIVIL RULE 11.2 VERIFICATION

The matter in controversy is not, to the best of defendants' knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**BECKER LLC**
Attorneys for Horizon Blue Cross Blue Shield
of New Jersey

By: /s/ *Kristen J. Coleman* \_\_
    Kristen J. Coleman, Esq.

Dated: November 9, 2018