The Coco Law Firm LLC
300 Carnegie Center, Suite 150, New Jersey 08540; (609) 737-0628; michael@cocolawfirm.com

November 20, 2018

Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

VIA: Electronic Filing System

RE: BUONGIOVANNI v. DYNASIL CORPORATION OF AMERICA et al, 1:18-cv-11641-NLH-AMD

Dear Judge Donio:

Please find the attached Joint Discovery Plan. Plaintiff sent a draft of the Plan to Defendants. Counsel for Dynasil submitted the Statement attached hereto as Exhibit A. Counsel for Horizon has not yet provided input. Thank you.

Very truly yours,

Michael Coco

***UNITED STATES DISTRICT COURT***

***DISTRICT OF NEW JERSEY***

DAWN BUONGIOVANNI, et al.

Plaintiff,

v. Case No.:

1:18−cv−11641−NLH−AMD

Judge Noel L. Hillman

DYNASIL CORPORATION OF

AMERICA, et al.

Defendant.

***JOINT PROPOSED DISCOVERY PLAN***

*A fillable copy of this form can be located at*

*http://www.njd.uscourts.gov/sites/njd/files/R16DiscoveryPlanCamONLY.pdf*

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

THE COCO LAW FIRM LLC
Michael J. Coco, Esq. (ID# 013812011)
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (609) 737-0628
Facsimile: (866) 685-8690
Email: info@cocolawfirm.com

Kristen J. Coleman, Esq.
Becker LLC
Direct (973) 251-8949
1515 Market Street
Suite 1200
Philadelphia, PA 19102
Phone (215) 282-0699
Fax (215) 282-0169

George Karousatos, Esq.
Biancamano & DiStefano, P.C.
10 Parsonage Road
Suite 300
Edison, New Jersey 08837
732-549-0220 (p)

732-549-0068 (f)
g.karousatos@bdlawfirm.com

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff Dawn Buongiovanni had insurance through a self-funded plan administered by Horizon Blue Cross Blue Shield of New Jersey, which contracted EviCore as a utilization review company for Dawn's claims. Dawn's doctors made a non-emergent request for back surgery after she failed conservative treatment and Horizon directed her to a facility and physician for surgery, then subsequently denied coverage on the eve of surgery. Dawn was forced to make a deposit for the surgery. She appealed through the internal appeals process and the denial was upheld by all male physicians, none of whom had a license to practice medicine in New Jersey and none of whom were neuro or spinal surgeons. Dawn appealed to New Jersey's Independent Utilization Review Organization, which reversed Horizon's and Evicore's denials. Horizon sent a letter of its "intent" to pay the claims, but never did so, prompting the instant action.

After an attempt to resolve the issue without filing suit and including Dawn's employer Dynasil in the discussion as plan administrator, Dynasil retaliated against Dawn.

Dawn makes claims for benefits and interest pursuant to ERISA § 502, § 503; statutory penalties pursuant to 29 U.SC. § 1132 for failure to produce documents; violation of the Equal Pay Act of 1963, 29 U.S.C. § 206; violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; statutory fraud based in part of EviCore's lack of authority to do business, practice medicine, or practice insurance in New Jersey; RICO; Retaliation; intentional infliction of emotional distress during Dawn's second appeal when the "panel" berated her into crying, and for Dynasil's retaliatory actions; and loss of consortium on behalf of Angelo Buongiovanni for the distress caused to Dawn by all defendants and their actions, which also led to harassment by creditors and bill collectors.

3. Have settlement discussions taken place? Yes X No __________

(a) What was plaintiff's last demand?

(1) Monetary demand: $ $12,500

(2) Non−monetary demand: Agreement not to retaliate; Agreement to pay future claims related to back surgery.

(b) What was defendant's last offer? Nothing

(1) Monetary offer: $ ___________

(2) Non−monetary offer: __________

4. The parties have not met pursuant to Fed. R. Civ. P. 26(f)

5. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. Plaintiff has exchanged information; defendants have not.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)

7. The parties have not conducted discovery other than the above disclosures.

8. Proposed Joint Discovery Plan:

(a) Discovery is needed on the following subjects: All persons involved in Horizon's Second Appeal panel; the qualifications and licenses of out-of-state physicians used by Evicore; Evicore's authority to conduct business, medicine, and insurance in New Jersey; All communications among and between all defendants related to Dawn's case; all contracts or agreements among and between the defendants; the number of denials and approvals for non-emergent surgeries broken down by men and women and by each defendant; the total dollar amounts paid by the Plan for non-emergent health care claims broken down by sex and year since its inception; a list of board members of each defendant, and the sex of each member; a list of corporate officers of each of the defendants, and the sex of each member; and any other discovery topics that might arise.

(b) Discovery should be conducted in phases. Explain: Discovery should start with paper discovery, interrogators and documents, followed by depositions.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: within 15 days of pre-trial conference.

(2) E–Discovery conference pursuant to L. Civ. R. 26.1(d)__________________.

(3) Service of initial written discovery December 20, 2018.

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of _____ depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by April 30, 2019.

(7) Factual discovery to be completed by April 15, 2019.

(8) Plaintiff's expert report due on __________________________________.

(9) Defendant's expert report due on __________________________________.

(10) Expert depositions to be completed by _____________________.

(11) Dispositive motions to be filed by April 30, 2019.

(d) Set forth any special discovery mechanism or procedure requested.

(e) A pretrial conference may take place on May 27, 2019.

(f) Trial date: June 3, 2019 (Non–Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions,

problems with out–of–state witnesses or documents, etc)? Yes.

If so, please explain.

Horizon and Evicore used out-of-state physicians and possibly other professionals not licensed in the State to make decisions in Dawn's case and they might need to be subpoenaed.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes _______ No X

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

Yes.

12. Do you anticipate any discovery problem(s) not listed above? Describe.

Yes ________ No _______.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

14. Is this case appropriate for bifurcation? No

15. An interim status/settlement conference (with clients in attendance), should be held in

_______________________________________.

16. We do consent to the trial and motions being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

________________________________

Attorney(s) for Plaintiff(s) / Date

________________________________

Attorney(s) for Defendant(s) / Date

Exhibit A

(Dynasil Statement)

In their complaint Plaintiffs allege eleven causes of action, all stemming from a spinal surgery. Plaintiffs allege violations of ERISA, violations of the Equal Pay Act, violations of the Civil Rights Act of 1964, statutory and common law fraud, racketeering, intentional infliction of emotional distress, and loss of consortium. The main thrust of the causes of action stem from an alleged payment dispute between Plaintiff, Dawn Buongiovanni, and her Health Insurer.

In addressing the allegations in Plaintiff's Complaint, first, Counts I, II, III, VII, and VIII are wholly inapplicable to Dynasil. Defendant, Dynasil, contends that the actual dispute is between Plaintiff and her health insurer regarding payment of certain medical bills.

Second, Plaintiff Fourth Count is meritless as to Dynasil. Only if the policies that were issued to men were substantially different than the policies issued to Plaintiff Dawn Buongiovanni would there be a potential claim against Dynasil. Dynasil was in no way involved in any decisions made as to whether the spinal surgery that is the subject of this lawsuit was covered by Plaintiff's health benefits. Plaintiff does not, and cannot, plead such. Thus, it is Dynasil's position that plaintiff's claim under the Equal Pay Act is meritless against Dynasil.

Third, Plaintiff is a valued employee and Dynasil takes the position that it would never discriminate against Plaintiff. Dynasil also contends that Plaintiff's employment was never terminated or altered in any way and, in fact, she is still gainfully employed at Dynasil. Moreover, even if Plaintiff asserted a viable claim of discrimination under Title VII of the Civil Rights Act, Plaintiff failed to exhaust all administrative remedies before she commenced this lawsuit.

Furthermore, plaintiffs fail to allege any facts to support that Dynasil retaliated against plaintiff, Dawn Buongiovanni, in any way. Plaintiff only alleges that Dynasil retaliated against her in the form of bullying, threats and other harassment. Nowhere does Plaintiff specifically allege how Dynasil bullied, threatened, or otherwise harassed Plaintiff. Indeed, at no time did Dynasil retaliate against Plaintiff, and Dynasil continues to be fully satisfied with Plaintiff as an employee.

Finally, to be clear, Dynasil fully denies each and every allegation in Plaintiff's Complaint that its conduct was in any way unlawful. Also, if a plaintiff were able to sue her or his employer on the basis of the insurer's failure to issue payment, employers would no longer offer these benefits due to the potential for litigation for adverse coverage determinations.